**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**DAVID VELASQUEZ URIBE**

| | |
|---|---|
| **VICTOR FERNANDO QUINTUNA HUERTA,** | **Civil Action No. 26-7540 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **LUIS SOTO, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Victor Fernando Quintuna Huerta, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall").  (ECF No. 1).

2.      Respondents oppose the Petition.  (ECF No. 5).

3.      Petitioner is a citizen of Ecuador.  (*Id.* at 1).  On April 16, 2010, immigration authorities issued an expedited order of removal to Petitioner.  (ECF No. 5-1).  He was removed from the United States on May 21, 2010.  (ECF No. 5-2).

4.      Petitioner returned to the United States on or about May 15, 2015.  (ECF No. 5-3). On May 16, 2015, he was warned that he was banned from reentering the country for 20 years and that his prior order of removal had been reinstated.  (ECF No. 5-4).  He was deported for the second time on March 18, 2016.  (ECF No. 5-4).

5.      On January 16, 2020, Petitioner reentered the United States.  (*Id.*)  He pleaded guilty to illegal reentry pursuant to 8 U.S.C. § 1326 and was removed again on April 17, 2020. (ECF No. 5-9 at 3).

6.      Border patrol agents encountered Petitioner in Lukeville, Arizona on January 9, 2024.  (*Id.*)    He alleged a credible fear of returning to Ecuador but was not interviewed by an asylum officer.  (*Id.*)  He was released into the country on January 13, 2024.  (*Id.*)

7.      Immigration and Customs Enforcement ("ICE") encountered Petitioner on June 15, 2026 and detained him on a warrant of removal/deportation.  (ECF No. 5-8).  Petitioner was notified that ICE intended to reinstate his prior order of removal.  (ECF No. 5-6).

8.      Petitioner filed his Petition on June 23, 2026 arguing that his order of supervision was illegally revoked.  (ECF No. 1 ¶¶ 21-24).

9.      Respondents assert that Petitioner is properly detained pursuant to 8 U.S.C. § 1231(a)(5) because he has a reinstated final order of removal and is still within the mandatory detention period.  (ECF No. 5 at 2).

10.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

11.      Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

12.      Petitioner was ordered removed on April 16, 2010, and that order of removal was reinstated on June 15, 2026.  (ECF No. 5-6).  Pursuant to 8 U.S.C. § 1231(a)(5), if "the Attorney

2

General finds that [a noncitizen]has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the [noncitizen] is not eligible and may not apply for any relief under [immigration laws], and the [noncitizen] shall be removed under the prior order at any time after the reentry."

13.     That reinstated removal order is administratively final. *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).  Accordingly, Petitioner's detention is governed by 8 U.S.C. § 1231.

14.     Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A).  This 90-day detention is mandatory.  *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled.  After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

15.     Petitioner was taken into custody pursuant to a reinstated removal order on June 15, 2026.  He is well within the 90-day removal period.

16.     "Even were this not the case, Petitioner has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future, and he therefore cannot show that his continued detention under § 1231(a) is unlawful." *Calle Guaman v. Soto, et al.*, No. 26-cv-1783, 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026).

17.     Petitioner has not provided any evidence to support his claim of illegal detention.

18.     Accordingly, this Court will deny the Petition.  Any restrictions on Petitioner's location will be lifted.

19.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: July 6, 2026